## Case No. 17,782.

### In re WILSON.

[2 Hughes, 228.][1]

Circuit Court, E. D. Virginia. 1875.

BANKRUPTCY—DISCHARGE—SUFFICIENCY OF ASSETS.

1. Under section 33 of the bankruptcy act [of 1867 (14 Stat. 517)],—section 5112, Rev. St.,—the assets coming into the hands of the assignee in bankruptcy, exclusive of exemptions, must be equal to thirty per cent. of the claims proved against the bankrupt's estate, to entitle him to a discharge.

[Cited in Re Waggoner, 5 Fed. 917.]

2. Assets in bankruptcy are the proceeds of the bankrupt's property which come into the hands of the assignee, and are applicable to the payment of his debts.

[Appeal from the district court of the United States for the Eastern district of Virginia.]

In this case nearly all the estate of the bankrupt [N. F. Wilson] was covered by the exemptions allowed him by law, and was decreed to him as such. But it was more than equal to thirty per cent. of the debts proved against him. Many cases had arisen presenting this state of things in a partial degree. This case, however, presented clearly the question, whether or not the estate surrendered by the bankrupt should be estimated in gross in determining his right of discharge under the thirty per cent. clause; and the district court, by agreement, made a pro forma decision, in order that the question might be finally settled on appeal by the circuit court.

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

BOND, Circuit Judge. Wilson, a voluntary bankrupt, seeks his discharge, which is resisted by the creditors, because, as they allege, his assets are not equal to thirty per centum of the claims proved against his estate. It seems that the bankrupt returned in his schedule property in amount equal to the debts proved against him, but he claimed its possession as a homestead exemption under the statute of Virginia, which claim was allowed him by the district court. Assets, within the meaning of the 33d section of the bankrupt act, are the proceeds of the bankrupt's property which come into the hands of his assignee, and are applicable to the payment of his debts. Here manifestly nothing came into the assignee's hands available for that purpose. If the bankrupt was entitled to hold this property exempt from liability for his debts, as the district court determined he was, how can it be considered assets applicable for the payment of those debts? If a stranger had been entitled to the possession of it, certainly it could not be regarded as assets in the hands of the assignee. How does the case differ when the bankrupt is entitled to hold it exempt from liability for the payment of his debts? Can that be said to be available for the payment of debts which the law says shall be exempt from liability for such payment? The district court allowed the bankrupt's discharge, but we think as the assent of creditors is not alleged, and no assets whatever came into the hands of the assignee applicable to the payment of his debts, the decree of the district court granting the bankrupt his discharge must be reversed with costs.